Teliman Holding Corp. v VCW Assoc. (2021 NY Slip Op 05314)





Teliman Holding Corp. v VCW Assoc.


2021 NY Slip Op 05314


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Index No. 652237/20 Appeal No. 14277 Case No. 2021-01456 

[*1]Teliman Holding Corporation, Plaintiff-Appellant,
v
VCW Associates, Defendant-Respondent.


Robbins, Russell, Englert, Orseck & Untereiner LLP, New York (Lawrence S. Robbins of counsel), for appellant.
Herrick, Feinstein LLP, New York (Deborah Koplovitz of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about March 24, 2021, which, to the extent appealed from as limited by the briefs, granted defendant VCW Associates's motion to dismiss the amended complaint and denied plaintiff's cross motion for partial summary judgment declaring that plaintiff is permitted to charge the fair market rental value going forward, unanimously modified, on the law, solely to declare that plaintiff is not so permitted, and, as so modified, affirmed, without costs.
The motion court correctly determined, according to the plain language of Internal Revenue Code (26 USC) § 216(b)(1)(D)(i), (ii), and (iii) and the parties' unambiguous lease, that plaintiff, a cooperative housing corporation, was not permitted to change the rent calculation set forth in the lease (see Duane Reade, Inc. v Cardtronics, LP, 54 AD3d 137, 140 [1st Dept 2008]; Cellular Tel. Co. v 210 E. 86th St. Corp., 44 AD3d 77, 83 [1st Dept 2007]). The 2007 amendments to the statute upon which plaintiff relies simply expanded the circumstances under which cooperative housing corporation shareholders may qualify for the tax benefits of residential home ownership; they did not trigger the lease provision that allows plaintiff to modify defendant's rent. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021